1   Kelly H. Dove, Bar No. 10569
    Jennifer B. Lustig, Bar No. 009110
2   SNELL & WILMER L.L.P.
    1700 South Pavilion Center Dr., Suite 700
3   Las Vegas, Nevada 89135-1865
    Telephone:    702.784.5200
4   Facsimile:    702.784.5252
    Email: kdove@swlaw.com
5           jlustig@swlaw.com

6   *Attorneys for Defendant Wells Fargo Bank, N.A.*

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11  BADIA BAYYINAH SHEPHARD,                    Case No.: 2:25-cv-01885-APG-NJK

12              Plaintiff,

13  vs.                                         **ORDER GRANTING**

14  WELLS FARGO BANK, N.A.; and DOES 1-         **MOTION TO EXTEND DEADLINE**
    10 and ROE ENTITIES 1-10; inclusive,        **FOR WELLS FARGO BANK, N.A. TO**
15                                              **RESPOND TO SUPPLEMENTAL**
                Defendants.                     **MOTION IN SUPPORT OF**
16                                              **INJUNCTIVE RELIEF, DEMAND FOR**
                                                **FULL ACCOUNTING, AND REQUEST**
17                                              **FOR EQUITABLE REMEDY [ECF NO.**
                                                **6]**
18
                                                **(FIRST REQUEST)**

19          Pursuant to Local Rule IA 6-1, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and

20  through its counsel of record, respectfully requests that the Court extend Wells Fargo's deadline to

21  respond to Plaintiff's Supplemental Motion in Support of Injunctive Relief, Demand for Full

22  Accounting, and Request for Equitable Remedy ("Motion for Injunction") (ECF No. 6) from the

23  current deadline, October 29, 2025, until November 19, 2025.  This is the first request for an

24  extension of time to respond to the Motion for Injunction.

25          This Motion is supported by the attached Memorandum of Points and Authorities, the

26  pleadings and papers on file herein, and any oral argument the Court may entertain.

27                  **MEMORANDUM OF POINTS AND AUTHORITIES**

28          On October 3, 2025, Badia Bayyinah Shephard by Dominion Legacy Treasury Trust

4936-6912-8310

SNELL
& WILMER

("Plaintiff") filed a Complaint against Wells Fargo arising from a "Bill in Equity" whereby Plaintiff contends she tendered a bond to Wells Fargo for the purchase of real property, which she alleges Wells Fargo failed to rebut, resulting in a perfected lien against Wells Fargo in the amount of $22,000,000 for dishonor and conversion.  Plaintiff alleges claims for (1) dishonor of tender, (2) conversion of instrument, (3) enforcement of perfected lien, (4) harassment and misuse of address, (5) breach of fiduciary duty, and (6) declaratory relief.

Thereafter, on October 15, 2025, Plaintiff filed the Motion for Injunction, where she contends that Wells Fargo's "refusal to acknowledge a properly executed bond instrument, and failure to provide a full accounting has resulted in tangible injury, including the loss of Plaintiff's primary residence."  Mot. at 2.  She further contends that the "removal of the property post-service underscores the urgency and necessity of this Court's intervention" (Mot. at 2) without explaining how the removal of a real estate listing related to property that she does not appear to own could possibly result in tangible injury.  On these bases, she asks this Court to enter an order requiring Wells Fargo to produce a complete accounting, stay foreclosure, eviction, or further sale activity regarding the subject property, and award Plaintiff damages.  Mot. at 2.

In an attempt to further understand and untangle Plaintiff's largely incoherent Complaint and Motion for Injunction, Wells Fargo researched its system of record for any information relating to Plaintiff or the real property referenced in the Complaint.  To date, Wells Fargo has been unable to locate any records relating to Plaintiff or the subject real property.  Moreover, a review of the land records confirms that Plaintiff is not the current owner of the subject property, which calls into question how Plaintiff could possibly allege injury sufficient to justify injunctive relief, as it does not appear that any allegation in the Complaint could possibly result in the loss of Plaintiff's primary residence or any other injury.

As such, given the dearth of information related to this dispute, Wells Fargo requests an extension until November 19, 2025 to respond to the Motion for Injunction.  This is the first request for an extension to respond to the Motion for Injunction, and is not intended to cause any delay or prejudice to any party.  Rather, Wells Fargo requests this extension to allow sufficient time to

4936-6912-8310

1  evaluate and analyze the Complaint and the argument contained in the Motion for Injunction,

2  conduct a diligent search, and obtain records and information necessary to prepare a meaningful

3  response to the Motion for Injunction.

4  Dated: October 28, 2025                          SNELL & WILMER L.L.P.

5

6                                                   By: */s/ Kelly H. Dove*
                                                        Kelly H. Dove (NV Bar No. 10569)
7                                                       Jennifer B. Lustig (NV Bar No. 9110)
                                                        1700 South Pavilion Center Dr., Suite 700
8                                                       Las Vegas, NV 89135

9                                                       *Attorneys for Defendant Wells Fargo*
                                                        *Bank, N.A.*
10

11

IT IS SO ORDERED:
12

Dated: November 3, 2025
13

14

ANDREW P. GORDON
15  CHIEF UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

3

4936-6912-8310