UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BADIA BAYYINAH SHEPHARD,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 2:25-cv-01885-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 7, 9, 10] |

      Pending before the Court is Defendant's motion to extend time to respond to the complaint. Docket No. 7. Plaintiff filed a motion to deny the extension, enter default judgment, and enforce a lien. Docket No. 9. Plaintiff filed a motion to deny Defendant's request for extension of time and for entry of default judgment. Docket No. 10. Plaintiff filed a rebuttal to Defendant's failure to respond and opposition to any extension of time. Docket No. 12.

      Federal Rule of Civil Procedure 6(b)(1) authorizes the Court to grant an extension of time for good cause shown. This rule "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)). The good cause standard is "non-rigorous" and "has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259 (9th Cir. 2010) (collecting cases). Therefore, "requests for extensions of time made before the applicable deadline has passed should 'normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting *Wright & Miller's Federal Practice & Procedure* § 1165 (3d ed. 2004)).

      In the instant motion, Defendant requests an extension of time until November 19, 2025, to respond to the complaint. Docket No. 7. Defendant submits that it "has been unable to locate any records relating to Plaintiff or the real property referenced in the Complaint" and that additional time is needed to investigate the allegations and obtain the information necessary to

1

prepare a meaningful responsive pleading. *Id.* at 2. In the various motions and briefs filed by Plaintiff, Plaintiff submits that Defendant's motion should be denied as untimely, prejudicial, and meritless. *See* Docket Nos. 9, 10, 12.

In the instant motions, Plaintiff also requests that the Court enter default judgment against Defendant for failure to timely respond. Docket Nos. 9, 10. Additionally, Plaintiff filed a separate motion for default judgment. Docket No. 11. That motion was denied by Chief United States District Judge Andrew P. Gordon on October 31, 2025. Docket No. 13. Chief Judge Gordon explained that Plaintiff had not obtained an entry of clerk's default, and that Defendant had appeared in the case and moved for the instant extension of time to respond to the complaint. *Id.*

For good cause shown, the Court **GRANTS** Defendant's motion to extend time and **EXTENDS** the deadline to respond to the complaint to November 19, 2025. Docket No. 7. Further, the Court **DENIES** Plaintiff's motions to deny Defendant's request for extension. Docket Nos. 9, 10. Additionally, the Court **DENIES** Plaintiff's motions for entry of default judgment as moot. Docket Nos. 9, 10.

IT IS SO ORDERED.

Dated: November 13, 2025

_____
Nancy J. Koppe
United States Magistrate Judge