**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BADIA BAYYINAH SHEPHARD, | Case No.: 2:25-cv-01885-APG-NJK |
| Plaintiff | **Order (1) Granting Wells Fargo's Motion to Dismiss, (2) Denying Shephard's Motion for Injunctive Relief, (3) Denying Shephard's Motion for an Order to Show Cause, and (4) Granting Shephard Leave to Amend in Part** |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant | [ECF Nos. 1, 6, 15] |

Plaintiff Badia Bayyinah Shephard sues defendant Wells Fargo Bank, N.A. regarding its failure to pay her millions of dollars pursuant to a document labeled a "bond" so she can buy a certain property. She moves for an order to show cause compelling Wells Fargo to account for its handling of the "bond." ECF No. 1 at 8-10. She also moves for injunctive relief to order Wells Fargo to produce records relating to the property and "to stay any foreclosure, eviction, or further sale activity regarding the subject property." ECF No. 6 at 2. Wells Fargo moves to dismiss the complaint under Federal Rule of Civil Procedure 12 because Shephard's claims are based on the discredited "sovereign citizen" theory. I dismiss all of Shephard's claims but grant her leave to amend one claim. I also deny her motion for injunctive relief and her motion for an order to show cause.

**I.      BACKGROUND**

Shephard issued a document labeled a bond and tendered it to Wells Fargo to withdraw funds that she asserts she is entitled to under the bond. ECF No. 1 at 2. The bond promised to pay a sum of $7,999,900 or $8,500,000 and "represent[ed] the private trust equity derived from the Birth Certificate Trust Estate of Badia B. Calhoun A.K.A. Badia B. Shephard." ECF No. 1-1

at 20.  The bond stated it was "issued pursuant to [Uniform Commercial Code] UCC Article 3 . . . and Article 9." *Id.*  Attached to her complaint, Shephard provided several documents in support of her claim to the money.  A "Notice of Preauthorized Use of Credit" lists Treasury Secretary Scott Bessent as "Trustee" of the bond's funds which allegedly are currently being held in a "Setoff Account" belonging to "BADIA BAYYINAH SHEPHARD." *Id.* at 29 (emphasis in original), 33.  In a separate document, the United States Department of the Treasury is identified as the "accountant/payor" of these funds. *Id.* at 33.  A "Commercial Security Agreement" between "the 'real woman' Badia Bayyinah Shephard . . . (hereinafter known as . . . the juristic Persons /Strawman . . . )" and "BADIA BAYYINAH CALHOUN" purports to secure debts that the latter owes the former. *Id.* at 92.  It lists the collateral as the

> Preferred Stock Certificate issued as Birth certificate for BADIA BAYYINAH CALHOUN . . . and the pledge represented by same including the Bond issued and sold by the UNITED STATES Department of the Treasury . . . and all products derived therefrom, including, but not limited to, the BAILEE all cap name BADIA BAYYINAH CALHOUN . . . .

*Id.*

Wells Fargo did not pay Shephard. ECF No. 1 at 2.  Shephard alleges she subsequently "perfected a lien" for $22 million against Wells Fargo for its failure to honor the bond and issued a bond to that effect. *Id.*  Wells Fargo again did not pay her.  Instead, it called her regarding her request. *Id.*  It also mailed letters to her physical address describing its efforts to look into the bond. *Id.*; ECF No. 1-1 at 74-82.  Shephard demanded it contact her only by sending mail to a separate mailing address. ECF No. 1 at 2.

Shephard brings six claims against Wells Fargo.  Five relate to her bond (the "bond claims").  First, she alleges "Dishonor of Tender" under UCC §§ 3-501(b)(2) and 3-603 for failing to "return or rebut [Shephard's] bond tender." *Id.* at 2-3.  Second, she alleges "Conversion

of Instrument" under UCC § 3-420 because Wells Fargo "wrongfully retained" her bond. *Id.* at 3. Third, she seeks enforcement of the "Perfected Lien" under UCC Article 9 such that she receives the $22 million from Wells Fargo. *Id.*  Fourth, she alleges Wells Fargo's actions constitute breach of fiduciary duty.  Fifth, she seeks declaratory relief that she lawfully tendered the bond, Wells Fargo illegally rebutted the bond, and now she is entitled to $22 million.  For her final claim, she alleges Wells Fargo committed "Harassment and Misuse of Address" for calling her phone and mailing letters to her home address and not her mailing address. *Id.*

## II.    WELLS FARGO'S MOTION TO DISMISS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. at 555.  Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id*. (simplified).

I must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). I consider "five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

**A. I dismiss all five of Shephard's bond claims with prejudice.**

All of Shephard's bond claims are based on the sovereign citizen theory, which courts have "uniformly rejected" as "frivolous nonsense." *United States v. Christensen*, No. 2:22-cv-00605-JAD-BNW, 2025 WL 2988997, at *1 (D. Nev. Sept. 17, 2025). "A so-called 'sovereign citizen generally relies on the [UCC]'" in court briefs. *Perkinson v. Georgia*, No. 5:19-CV-00113-MTT-CHW, 2019 WL 2583513, at *2 (M.D. Ga. June 24, 2019). Specifically, Shephard's claims appear to be rooted in the "strawman theory" which:

> propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in [1933], and, instead, pledged the strawman of its citizens as collateral for the country's national debt. . . . Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money . . . .

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008); *see Birth Certificate Bonds*, TreasuryDirect, https://www.treasurydirect.gov/laws-and-regulations/fraud/birth-certificate-bonds/. "Whenever a person's name is written in total capitals, . . . as it is on a birth certificate," sovereign citizens "believe only the 'strawman' is referenced, and the flesh and blood person is not involved." *Ohio v. Lutz*, No. 80241, 2003 WL 152837, at *3 (Ohio Ct. App. Jan. 23, 2003). This theory posits that the "strawman" is a "corporate asset . . . whose value is controlled by the government" and is traded on the open market with his birth certificate. *Birth Certificate Bonds*, TreasuryDirect, https://www.treasurydirect.gov/laws-and-regulations/fraud/birth-certificate-bonds/. Sovereign citizens attempt to extract this value by drawing money from their "strawman" account, which they allege is overseen by the United States government and secured by a bond on the "strawman's" birth certificate. *See Polinski v. United States*, 177 Fed. Cl. 782, 786 (Fed. Cl. 2025). This is a well-known scam identified by the United States government.

*Birth Certificate Bonds,* TreasuryDirect, https://www.treasurydirect.gov/laws-and-regulations/fraud/birth-certificate-bonds/.

Shephard's complaint shows she is trying to cash in on this scam and is now suing Wells Fargo for not participating. She presents a security agreement between two versions of herself: one who is a "real woman" and the other whose name is spelled in all capital letters. ECF No. 1-1 at 92 (quotation omitted). One of these versions of Shephard is a "Strawman." *Id.* The agreement is secured against the birth certificate of the all-capital-letter version of Shephard, and the birth certificate is described as a bond issued by the United States Department of the Treasury. *Id.* Other documents Shephard attaches to her complaint further confirm that she believes the Department of the Treasury and Secretary Bessent have the authority to pay Shephard from an account belonging to the purported all-capital-letter version of Shephard. The bond says its value is "derived from [Shephard's] Birth Certificate." *Id.* at 20. She frequently cites the UCC to justify her payout. As further proof that Shephard subscribes to the sovereign citizen theory, she lists her address as "Without the United States" on a document, a common signifier of sovereign citizens. ECF No 1-1 at 28; *see Liles v. Skiles*, No. 2:22-cv-00004-DCN, 2022 WL 3101620, at *1 (D. Idaho Aug. 4, 2022). Regardless of whether Shephard would consider herself a sovereign citizen, her complaint advances these frivolous theories.

Therefore, her claims' underlying factual premise—that Wells Fargo owes her millions of dollars paid from a fund overseen by the U.S. Department of the Treasury secured against her birth certificate—is incorrect. Accordingly, she fails to state a claim for any of her bond-related claims, and I dismiss all five. *See United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir. May 13, 1999) (noting that arguments based on sovereign citizen theories may be

rejected "without extended argument"); *Perkinson*, 2019 WL 2583513, at \*2 (noting that the "strawman" theory has been "consistently rejected by federal courts").

Claims based on sovereign citizen theories, such as the strawman theory, are "frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, \*2 (N.D.N.Y. July 23, 2014). Amendment on claims with no basis in fact would be futile, so I deny Shephard leave to amend all five of her bond-related claims.

**B.  I dismiss Shephard's harassment and misuse of address claim with leave to amend.**

Wells Fargo also moves to dismiss Shephard's Harassment and Misuse of Address claim because she cites no law in support of the claim. Shephard does not respond to this argument, so she consents to dismissal of this claim. LR 7-2(d). But because it is not clear that amendment would be futile, I grant Shephard leave to amend if she can plausibly assert a claim that Wells Fargo's alleged contact was unlawful and that I have jurisdiction over that claim. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III.     SHEPHARD'S MOTION TO ORDER WELLS FARGO TO SHOW CAUSE**

Because I dismiss Shephard's claims without leave to amend her complaint as to her bond claims, I deny as moot her motion to order Wells Fargo to show cause.

**IV.     SHEPHARD'S MOTION FOR INJUNCTIVE RELIEF**

I interpret Shephard's motion for injunctive relief as a motion for a preliminary injunction because she requests that I stay sale activity regarding the property she wishes to purchase. Because I dismiss all of her claims related to the bond and the property, she has not shown a likelihood of success on the merits, so I deny her motion. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

/ / / /

## V.     CONCLUSION

I THEREFORE ORDER that defendant Wells Fargo Bank, N.A.'s motion to dismiss **(ECF No. 15) is GRANTED**.

I FURTHER ORDER that Badia Bayyinah Shephard may file an amended complaint by July 15, 2026.  She may assert only a claim that I have jurisdiction over against Wells Fargo relating to its allegedly harassing contact.  She may not raise any claims related to the bond or add new defendants.  Failure to file an amended complaint by that date will result in this case being closed.

I FURTHER ORDER that Shephard's motion for an order to show cause **(ECF No. 1) is DENIED as moot.**

I FURTHER ORDER that plaintiff Badia Bayyinah Shephard's motion for injunctive relief **(ECF No. 6) is DENIED**.

DATED this 23rd day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE